IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

JOHN DOE,                                    )

     Plaintiff,                          )

v.                                           )                    Case No. _____

GARDAWORLD,                                  )

     Defendant.                         )

## MOTION FOR PUNITIVE DAMAGES

Plaintiff John Doe, proceeding pro se, respectfully moves this Court for an order permitting him to seek punitive damages against Defendant GardaWorld pursuant to Mo. Rev. Stat. § 510.261 and applicable common law.

In support of this motion, Plaintiff states:

## I. FACTUAL BASIS FOR PUNITIVE DAMAGES

The Complaint (filed concurrently) and the supporting materials already before the Court establish a reasonable basis for punitive damages. The facts are incorporated by reference and summarised here:

1. Defendant GardaWorld knowingly facilitated a transnational criminal enterprise. Beginning in approximately 2022, GardaWorld maintained a covert, armed security detail (ballistic vest, tactical vehicle, body-worn camera) assigned to monitor Plaintiff. It concealed this detail and instructed the guard to downplay his role as "stationary unarmed." (Compl. ¶ III.A.2.)

2. GardaWorld lied to Plaintiff and to government agencies. In mid-2024, HR Manager John Talbert falsely told Plaintiff that no one had contacted GardaWorld about him. In June 2025, GardaWorld ignored a formal demand letter from a law firm warning that the harasser had reached Plaintiff's worksite phone. After Plaintiff reported a felony in December 2025, GardaWorld submitted a packet of at least twelve documented falsehoods to the Missouri unemployment agency, removed answers from the hearing packet, and gave false testimony at the unemployment hearing. (Compl. ¶¶ III.A.2, and Complaint § III.B.)

3. GardaWorld altered records and manufactured false claims. It changed Plaintiff's name in its HR system and created secret internal schedules to support a false "failure to report" claim. This continued a long-standing pattern in which GardaWorld approved Plaintiff's time off but then failed to notify the worksite, making Plaintiff appear absent. (Complaint § III.B, describing GardaWorld's lies and alteration of records.)

4. GardaWorld issued a retaliatory ultimatum and constructively discharged Plaintiff. On January 5, 2026, it ordered Plaintiff to return to the unsafe worksite or be fired for "job abandonment." After Plaintiff responded, GardaWorld went silent, never scheduled him again, and informed the worksite—but not Plaintiff—that he was no longer with the company. A worksite staff member texted Plaintiff on January 9, 2026: "They said you no longer with the company." (Compl. ¶ III.B.5.)

5. GardaWorld failed to protect Plaintiff's personal information. As detailed in the Motion to Proceed Pseudonymously (filed concurrently), GardaWorld suffered multiple data breaches, including a $1.5 million settlement in 2025 for exposing over 261,000 employee records and a 2024 breach affecting nearly 40,000 individuals. Plaintiff's information was exposed, and the enterprise's proxy has used stolen data to stalk, defame, and blacklist Plaintiff. (Compl. ¶¶ III.C.2, III.D.3.)

6. GardaWorld gave a foreign criminal a de facto safe haven. It cooperated with the Canadian principal's enterprise by assigning the armed detail, refusing to file police reports, and retaliating against the only person who tried to stop the crimes. (Compl. ¶¶ III.A.2-3, III.D.6.)

Collectively, these facts show intentional, malicious conduct and a deliberate and flagrant disregard for Plaintiff's safety and rights.

II. LEGAL STANDARD FOR PUNITIVE DAMAGES

A. Statutory Standard – Clear and Convincing Evidence

Under Mo. Rev. Stat. § 510.261.1, punitive damages may be awarded if the claimant proves by clear and convincing evidence that the defendant "intentionally harmed the plaintiff without just cause or acted with a deliberate and flagrant disregard for the safety of others." See also Lopez-Vizcaino v. Svetlichny, 3 S.W.3d 891, 894 (Mo. App. W.D. 1999).

B. Common Law Standard – Outrageous Conduct & Evil Motive

Missouri common law independently permits punitive damages where the defendant's conduct is "outrageous, because of the defendant's evil motive or reckless indifference to the rights of others." Burnett v. Griffith, 769 S.W.2d 780, 789 (Mo. banc 1989) (adopting Restatement (Second) of Torts § 908(2)).

C. Employer Liability

Under § 510.261.3, an employer is liable for punitive damages based on an agent's act if the principal or a managerial agent authorized the act, the agent was unfit and the principal was reckless in employing him, the agent was a managerial employee acting in the scope of employment, or the principal ratified the act. GardaWorld's managerial employees—the HR personnel and the managers who issued the ultimatum and created the secret schedules—each satisfy at least one of these grounds.

D. Statutory Cap Does Not Apply

Section 510.261.4 removes the statutory cap on punitive damages when the plaintiff's claim invokes privacy rights, property rights, or rights protected by the U.S. or Missouri constitution. Plaintiff's claims for invasion of privacy (false light), tortious interference with business expectancy, and whistleblower retaliation (protected by Missouri public policy and the Missouri Human Rights Act) all fall within this exception. The jury may therefore fix punitive damages at any amount it finds necessary to punish and deter.

III. APPLICATION OF THE STANDARD

The specific facts set out above and, in the Complaint, demonstrate that a trier of fact could reasonably conclude by clear and convincing evidence that GardaWorld:

• Intentionally harmed Plaintiff – by concealing an armed threat, lying to government agencies, altering records, and issuing a retaliatory ultimatum that forced a constructive discharge.

• Acted without just cause – Plaintiff's report of felony vandalism was protected activity; there was no legitimate business reason for the retaliation.

• Acted with deliberate and flagrant disregard for Plaintiff's safety – GardaWorld knew about the armed surveillance and the danger yet did nothing to protect Plaintiff, punishing him instead for reporting the crime.

The pattern of lies, record-tampering, data breaches, and retaliation demonstrates a corporate culture that demands punishment and deterrence. A modest award would not serve those purposes; the jury should be permitted to award a substantial punitive sum.

## IV. PROCEDURAL REQUIREMENT

Under Mo. Rev. Stat. § 510.261.5, a claim for punitive damages cannot be included in the initial complaint. It must be sought by separate written motion, filed with the court, and supported by affidavits, exhibits, or discovery materials establishing a reasonable basis for punitive damages. See Mackey v. McPhail, No. ED110653, 2024 WL 1258556, at *2 (Mo. App. E.D. Mar. 26, 2024). Plaintiff files this motion in compliance with that requirement. Under § 510.261.5, the deadline to file this motion is 120 days after the close of discovery, but it may be filed earlier. Plaintiff files it now to provide Defendant with early notice and to comply with any scheduling order the Court may enter.

This motion is supported by the detailed allegations of the verified Complaint, the Declaration of John Doe filed in support of the Motion for TRO, and the Sealed Addendum that identifies the enterprise members. These materials together establish a reasonable basis for punitive damages at this stage.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Grant this motion for punitive damages;

B. Permit Plaintiff to seek punitive damages at trial against Defendant GardaWorld on all claims for which such damages are available; and

C. Order that the issue of punitive damages be submitted to the jury under proper instructions.

Respectfully submitted this _____ day of April, 2026.

John Doe (Plaintiff, pro se)

4050 Pennsylvania Ave

Ste 115 PMB 4390

Kansas City, MO 64111-3041 United States

willonv@proton.me