MOTION FOR FRONT PAY

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. _____ |
| GARDAWORLD, | ) | |
| Defendant. | ) | |

MOTION FOR FRONT PAY

Plaintiff John Doe, proceeding pro se, respectfully moves this Court for an order permitting him to seek front pay (future lost wages) as a remedy in this action. In support of this motion, Plaintiff states:

I. FACTUAL BASIS FOR FRONT PAY

1. Plaintiff was employed by Defendant GardaWorld from approximately 2022 through his constructive discharge on January 9, 2026. In the four months immediately following his discharge, he lost approximately $7,300 in wages, as set forth in the Complaint.

2. Due to Defendant's retaliation and the ongoing blacklisting orchestrated by the enterprise described in the Complaint, Plaintiff has been unable to secure any employment. Over a dozen law firms have refused to represent him because his name has been poisoned throughout the legal community.

3. Because of the extreme hostility created by Defendant and its co-conspirators, Plaintiff cannot reasonably be expected to return to work for GardaWorld. Moreover, the blacklisting has destroyed his professional reputation, making it impossible to find equivalent employment elsewhere.

4. Front pay is necessary to compensate Plaintiff for the future wages he will lose from the date of trial through his anticipated retirement age, as a direct result of Defendant's retaliation and the enterprise's conduct.

## II. LEGAL STANDARD FOR FRONT PAY

### A. Front Pay Under the Missouri Human Rights Act

The MHRA authorizes a court to order "such affirmative action as may be appropriate, including, but not limited to, reinstatement or hiring of employees, with or without back pay, or any other equitable relief as the court deems appropriate." Mo. Rev. Stat. § 213.111. Front pay is a well-recognized form of "other equitable relief" under the MHRA, designed to compensate a victim for future lost earnings when reinstatement is impracticable. See Brady v. Curators of Univ. of Mo., 213 S.W.3d 16, 27 (Mo. App. E.D. 2006) (recognizing front pay as equitable relief under the MHRA).

### B. Front Pay Under Federal Law

The Eighth Circuit has recognized that front pay may be awarded where reinstatement is not feasible due to "hostility between the parties, the unavailability of a comparable position, or other equitable considerations." Ogden v. Wax Works, Inc., 214 F.3d 999, 1008 (8th Cir. 2000). Although Ogden arose under Title VII, courts apply the same principle to other federal anti-retaliation statutes, including the OSHA whistleblower-protection provision, 29 U.S.C. § 660(c), which authorizes "all appropriate relief" to make the employee whole. When reinstatement is impracticable, front pay is an integral component of that make-whole relief.

### C. Reinstatement Is Impracticable Here

Reinstatement is impossible in this case for all the reasons set forth in the Complaint:

• Defendant retaliated against Plaintiff, lied to state agencies, altered his HR records, and constructively discharged him.

• The enterprise has poisoned Plaintiff's name throughout the industry, making reinstatement at any comparable employer impracticable.

• The extreme hostility between the parties makes any restoration of the employment relationship impossible.

### D. Mitigation

Front pay may be reduced if the plaintiff fails to make reasonable efforts to mitigate future losses. Plaintiff has actively sought mitigation—he has applied for numerous positions—but the

blacklisting orchestrated by Defendant and the enterprise has prevented him from obtaining any work. The Complaint details these efforts and their futility.

E. Calculation of Front Pay

In determining the amount and duration of front pay, courts consider:

• The plaintiff's age and remaining work-life expectancy;

• Past earnings and projected future earning capacity;

• The likelihood of future mitigation; and

• The nature and duration of the harm caused by the defendant.

Ogden, 214 F.3d at 1008. Based on his prior earnings and work-life expectancy, Plaintiff's future lost earnings will exceed $1,000,000. Plaintiff seeks front pay in an amount to be determined at trial, consistent with the $2,000,000 in future lost earnings requested in the Complaint's Prayer for Relief. Front pay is an equitable remedy to be determined by the Court or by the jury as the trier of fact, under appropriate instructions.

III. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Grant this motion for front pay;

B. Permit Plaintiff to present evidence of front pay at trial; and

C. Order that the issue of front pay be submitted to the trier of fact under proper instructions.

Respectfully submitted this _____ day of April, 2026.

John Doe (Plaintiff, pro se)

4050 Pennsylvania Ave

Ste 115 PMB 4390

Kansas City, MO 64111-3041 United States

willonv@proton.me