# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

JOHN DOE,
    Plaintiff,

v.

GARDAWORLD,
    Defendant.

**Case No.** 4:26-cv-00363

## PLAINTIFF'S MOTION FOR RECRUITMENT OF VOLUNTEER COUNSEL UNDER 28 U.S.C. § 1915(e)(1), OR, IN THE ALTERNATIVE, FOR LIMITED-PURPOSE COUNSEL

Plaintiff John Doe, proceeding pro se, respectfully moves the Court under 28 U.S.C. § 1915(e)(1) to request an attorney willing to represent him in this civil action. Plaintiff recognizes that the Court may request, but cannot compel, an unwilling attorney to accept a civil representation. In the alternative, Plaintiff asks the Court to seek limited-purpose counsel for review of the proposed amended complaint, jurisdiction and joinder analysis, initial discovery, privacy and protective-order issues, and dispositive-motion practice.

1. Plaintiff filed an application to Proceed In Forma Pauperis on 4/29/2026. That application remains pending. Defendant has not been served or appeared, to Plaintiff's knowledge. Plaintiff does not request a status ruling on the IFP application through this motion; he requests counsel because he cannot afford representation and is still preparing a complete proposed amended complaint.

2. Plaintiff has contacted more than a dozen attorneys and law firms seeking representation or substantive legal assistance. None agreed to represent him. Plaintiff has retained a detailed outreach log and representative responses and can provide them if the Court requests.

3. The case has a documented employment-retaliation core supported by contemporaneous communications. Plaintiff's original pro se complaint was prepared without counsel and does not consistently distinguish between standalone civil claims, alleged predicate conduct, supporting evidence, and matters requiring further investigation. Counsel is needed to preserve supported facts while preparing one legally coherent operative pleading.

4. Much of the decisive evidence is not within Plaintiff's possession. It includes GardaWorld call and message records; HR, scheduling, name-change, and personnel-system audit trails; investigation and preservation records; worksite video and access records; unemployment submissions, drafts, metadata, and hearing-preparation records; and records held by Amazon,

CVS, G4S/Allied Universal, Sprint/T-Mobile, Digital Ally, Patrol KC, other worksite entities or contractors, recruiters, background-screening vendors, and communications or online-service providers.

5. The matter presents difficult procedural and discovery issues, including electronically stored information, corporate testimony, nonparty subpoenas, authentication, conflicting testimony, jurisdiction, joinder, statutes of limitation, choice of law, service, and protection of highly private personal records.

6. Plaintiff has organized a chronology and preserved documents, but he has no legal training and cannot realistically obtain corporate email, audit-log, metadata, provider, and third-party employment records or conduct corporate depositions and cross-examination without assistance.

7. Counsel would materially assist the Court by independently separating direct evidence from inference, identifying legally cognizable claims, avoiding unnecessary parties and unsupported allegations, protecting sensitive information, narrowing discovery, and presenting one coherent operative pleading and evidentiary record.

8. If full representation cannot be recruited now, Plaintiff asks the Court to seek limited-purpose counsel for the tasks stated above. If counsel is not available at this stage, Plaintiff requests denial without prejudice and express permission to renew after screening, service, a responsive pleading, or the beginning of discovery.

**WHEREFORE,** Plaintiff respectfully requests that the Court exercise its discretion under 28 U.S.C. § 1915(e)(1) to request and recruit volunteer counsel for the full action, or alternatively for the limited purposes stated above, and grant such further relief as the Court finds just.

Respectfully submitted,

JOHN DOE, Plaintiff pro se


/s/ John Doe