**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>GARDAWORLD,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-CV-00363-BCW |

**ORDER**

Before the Court are Plaintiff's motion to proceed in forma pauperis (Doc. #1), motion to proceed pseudonymously and seal personal information (Doc. #2), motion for punitive damages (Doc. #7), motion for front pay (Doc. #8), and motion for recruitment of volunteer counsel or limited-purpose counsel (Doc. #17). The Court, being duly advised of the premises, denies said motions.

The Court, within its discretion, may authorize the commencement of a civil suit without the prepayment of fees if the plaintiff files an affidavit of financial status demonstrating an inability to incur the costs of the suit without undue financial hardship. 28 U.S.C. § 1915(a)(1); Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). The Court should only grant a motion to proceed without prepayment of fees if it finds the case is not: (a) frivolous; (b) malicious; (c) insufficient under Fed. R. Civ. P. 12(b)(6); or (d) seeking monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

The Court, having reviewed Plaintiff's affidavit of financial status (Doc. #3), finds Plaintiff qualifies for in forma pauperis status based on economic need. The Court therefore considers whether Plaintiff's claims are otherwise barred.

"A complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Since Plaintiff is proceeding pro se, the Court considers the content of the amended complaint pursuant to "less stringent standards" than might otherwise apply. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Lomholt v. Holder, 287 F.3d 683, n.1 (8th Cir. 2002). Therefore, "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 849 (8th Cir. 2014) (citing Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004)). However, a pro se litigant must still comply with court rules and procedures. Estelle, 429 U.S. at 106.

Plaintiff attached a proposed complaint to the instant motion (Doc. #1-1) and, on May 7, 2026, filed an amended complaint (Doc. #11-1), which the Court considers as the operative pleading. In the amended complaint, Plaintiff alleges his former employer, Defendant GardaWorld, knew of, concealed, and facilitated a "transnational criminal enterprise" comprised of two identified persons and other unidentified persons who have targeted Plaintiff since approximately 2022 with stalking, cyberstalking, identity theft, vandalism, and blacklisting. Plaintiff alleges the "enterprise" began years before his employment with GardaWorld. Plaintiff further alleges GardaWorld retaliated against him after he reported a December 2025 act of vandalism at his worksite, constructively discharged him in January 2026, and submitted false statements concerning his discharge to the Missouri Division of Employment Security.

Based on these allegations, Plaintiff asserts claims against GardaWorld for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) (Count 1); RICO conspiracy, 18 U.S.C. § 1962(d) (Count 2); violation of the Computer Fraud and Abuse Act

("CFAA"), 18 U.S.C. § 1030(g) (Count 3); retaliatory constructive discharge in violation of Missouri public policy (Count 4); and tortious interference with business expectancy (Count 5).

"RICO provides a private right of action for any person 'injured in his business or property by reason of a violation of' its substantive prohibitions." Dahlgren v. First Nat. Bank of Holdrege, 533 F.3d 681, 689 (8th Cir. 2008) (quoting 18 U.S.C. § 1964(c)). "However, RICO does not cover all instances of wrongdoing. Rather, it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity." Crest Const. II, Inc. v. Doe, 660 F.3d 346, 353 (8th Cir. 2011) (internal quotation marks omitted). To state a civil claim under RICO, a plaintiff is required "to show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." UMB Bank, N.A. v. Guerin, 89 F.4th 1047, 1053 (8th Cir. 2024) (citation omitted). To successfully allege conspiracy to violate RICO under 18 U.S.C. § 1962(d), a plaintiff "must first 'prove the elements of a RICO violation.'" UMB Bank, 89 F.4th at 1057 (quoting Rosemann v. St. Louis Bank, 858 F.3d 488, 500 (8th Cir. 2017)).

Here, Plaintiff fails to plausibly alleged RICO claims because he does not allege facts to support a pattern of racketeering activity. A pattern of racketeering activity "requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). As predicate acts, the amended complaint identifies two alleged acts of wire fraud, 18 U.S.C. § 1343: an email dated January 5, 2026, in which GardaWorld stated Plaintiff's failure to report to work as scheduled constituted job abandonment, and statements GardaWorld transmitted to the Missouri Division of Employment Security on or about January 18, 2026, concerning Plaintiff's separation. Plaintiff does not identify any other predicate act of racketeering, and Plaintiff attributes much of the conduct in the amended complaint to individuals he does not name as defendants in this case.

Even assuming the two communications that Plaintiff identified are sufficiently alleged as acts of wire fraud, they do not plausibly allege a pattern of racketeering activity. To establish a

pattern, a plaintiff must show the racketeering predicates are related and that "they amount to or pose a threat of continued criminal activity." Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc., 528 F.3d 1001, 1028 (8th Cir. 2008) (citing H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239 (1989)). A plaintiff must therefore "provide evidence of multiple predicate acts occurring over a substantial period of time (closed-end continuity) or evidence that the alleged predicate acts threaten to extend into the future (open-ended continuity)." Id. The predicate acts in Plaintiff's amended complaint span approximately two weeks and target a single victim, which is insufficient to show closed-end continuity. See UMB Bank, 89 F.4th at 1056 (holding that three predicate acts "spanning only a few days and targeting a single victim" insufficient). Nor does Plaintiff plausibly allege open-ended continuity because the predicate acts pertain to discrete, non-replicable events: the end of Plaintiff's employment with GardaWorld and the adjudication of his claim for unemployment benefits. See id. at 1056–57. For these reasons, Plaintiff's RICO claims are insufficient under Fed. R. Civ. P. 12(b)(6). See Craig Outdoor, 528 F.3d at 1028 ("Failure to present sufficient evidence on any one element of a RICO claim means the entire claim fails.").

Plaintiff also fails to allege sufficient facts to support a claim of computer fraud under the CFAA. Under the CFAA, "[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator . . ." 18 U.S.C. § 1030(g). To state a claim under the CFAA, a plaintiff must "demonstrate that the defendant (1) accessed a protected computer; (2) without authorization or exceeding authorized access; and (3) caused a loss in excess of $5,000." InfoDeli, LLC v. W. Robidoux, Inc., No. 4:15-CV-00364-BCW, 2020 WL 1866001, at *5 (W.D. Mo. Feb. 28, 2020) (citing 18 U.S.C. §§ 1030(a)(4) and 1030(c)(4)(A)(i)(I)). Plaintiff does not allege Defendant accessed any protected computer. Rather, Plaintiff alleges the unauthorized access was committed by an individual who is not a party to this action, and that Defendant "knew of the access, failed to stop it, and actively facilitated it" by providing the

worksite where that individual operated and "directing the enterprise's security apparatus." These assertions are conclusory and do not plausibly allege Defendant itself violated the CFAA. See Iqbal, 556 U.S. at 678 ( "mere conclusory statements" do not suffice to show facial plausibility).

To the extent Plaintiff seeks to hold Defendant liable for the acts of others under the doctrines of civil conspiracy, aiding and abetting, and agency, the amended complaint pleads no facts from which the Court might reasonably infer Defendant directed or participated in the alleged access. Plaintiff's claim under the CFAA insufficient under Fed. R. Civ. P. 12(b)(6).

The remaining claims in Plaintiff's amended complaint—retaliatory discharge and tortious interference with business expectancy—are state law claims over which this Court declines to exercise jurisdiction. See 28 U.S.C. § 1367(c)(3) (district court has discretion to decline supplemental jurisdiction over claims forming part of the same case or controversy if claims within original jurisdiction have been dismissed); Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016); Maxfield v. City of Kansas City, No. 18-0896-CV-W-GAF-P, 2018 WL 11305792, at *4 (W.D. Mo. Nov. 30, 2018) (declining to exercise supplemental jurisdiction over pendant state law claims after reviewing in forma pauperis motion and dismissing claims giving rise to original jurisdiction). Plaintiff's motion for leave to proceed in forma pauperis is denied. Accordingly, it is hereby

ORDERED Plaintiff's motion to proceed in forma pauperis (Doc. #1) is DENIED and the remaining motions (Docs. #2, #7, #8, #17) are DENIED AS MOOT. It is further

ORDERED this case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: August 28, 2026

/s/ Brian C. Wimes
BRIAN C. WIMES, CHIEF JUDGE
UNITED STATES DISTRICT COURT